## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO. 1:12-CR-36 |
| | ) |
| v. | ) (Judge Caldwell) |
| | ) |
| **TODD M. CAWARD** | ) (Electronically Filed) |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.

1. <u>Plea of Guilty</u>. The defendant agrees to plead guilty to Count I of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 871, Threat Against the President. The maximum penalty for the offense is imprisonment for a period of five years, a fine of $250,000, a maximum term of supervised release of up to three years, to be

determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts or seek additional charges in the event that the charge(s)  to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional

charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground.

2.    Supervised Release.  The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA  sample if the collection of a sample is so authorized by law.

3.    Fine.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4.    Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person

derived pecuniary gain or suffered pecuniary loss from the offense and that

the maximum fine to be imposed, if the Court elects to proceed in this

fashion, could be twice the amount of the gross gain or twice the amount of

the gross loss resulting from the offense.

5.     <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or

restitution as part of the defendant's sentence, and the sentence includes a

term of imprisonment, the defendant agrees to voluntarily enter the United

States Bureau of Prisons-administered program known as the Inmate

Financial Responsibility Program through which the Bureau of Prisons will

collect up to 50% of the defendant's prison salary and apply those amounts

on the defendant's behalf to the payment of the outstanding fine and

restitution orders.

6.     <u>Special Assessment</u>.  The defendant understands that the Court will impose

a special assessment of $100 pursuant to the provisions of Title 18, United

States Code, Section 3013.  No later than the date of sentencing, the

defendant or defendant's counsel shall mail a check in payment of the

special assessment directly to the Clerk, United States District Court Middle

District of Pennsylvania. This check should be made payable to "Clerk,

United States District Court". Counsel for the defendant shall provide a

copy of the special assessment check or a Clerk's receipt to the United

States Attorney's Office for the Middle District of Pennsylvania at the time

of sentencing certifying compliance with this provision of the plea

agreement. If the defendant intentionally fails to make this payment, pays

with an insufficient funds check, or otherwise fails to comply with any of

the requirements of the United States Attorney's Office's Financial

Litigation Unit regarding the special assessment, it is understood that this

failure may be treated as a breach of this plea agreement and may result in

further prosecution or the filing of additional criminal charges, or a

contempt citation.

7.    Collection of Financial Obligations. In order to facilitate the collection of

financial obligations to be imposed in connection with this case, defendant

agrees fully to disclose all assets in which defendant has an interest or over

which defendant has control, directly or indirectly, including those held by a

spouse, nominee, or other third party.  The defendant agrees, as a part of this

agreement, to submit to interviews by the United States Attorney's Office's

Financial Litigation Unit regarding the defendant's financial status and will

promptly submit a completed financial statement to the United State's

Attorney's Office as directed.  Defendant agrees that the financial statement

shall be complete, accurate, and truthful. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Further, the defendant authorizes the United States Attorney's Office to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court. Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

8.    No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the

6

defendant's involvement in the offense described above.  However, nothing

in this agreement will limit prosecution for criminal tax charges, if any,

arising out of those offenses.

9.    Acceptance of Responsibility–Two Levels.  Counsel for the defendant has

affirmatively indicated to the United States Attorney's Office that the

defendant not only wishes to plead guilty, but will clearly demonstrate a

recognition and affirmative acceptance of responsibility as required by the

sentencing guidelines.  If the defendant can adequately demonstrate this

recognition and affirmative acceptance of responsibility to the Government,

the United States Attorney's Office will recommend that the defendant

receive a two-level reduction in the defendant's offense level for acceptance

of responsibility.  The failure of the Court to find that the defendant is

entitled to a two-level reduction shall not be a basis to void this plea

agreement.

10.    Appropriate Sentence Recommendation.  At the time of sentencing, the

United States may make a recommendation that it considers appropriate

based upon the nature and circumstances of the case and the defendant's

participation in the offense, and specifically reserves the right to

recommend a sentence up to and including the maximum sentence of

7

imprisonment and fine allowable, together with the cost of prosecution.

11.    Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.    The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.    The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

c.    The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.    The defendant be prohibited from incurring new credit charges  or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

e.    The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

f.    The defendant be confined in a community treatment center, halfway house or similar facility.

8

g.   The defendant be placed under house detention.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

12.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character,

9

cooperation, if any, and involvement in this or other offenses.

13.   Objections to Pre-Sentence Report.  The defendant understands that
pursuant to the United States District Court for the Middle District of
Pennsylvania "Policy for Guideline Sentencing" both the United States and
defendant must communicate to the probation officer within fourteen (14)
days after disclosure of the pre-sentence report any objections they may
have as to material information, sentencing classifications, sentencing
guideline ranges and policy statements contained on or omitted from the
report.  The defendant agrees to meet with the United States at least five (5)
days prior to sentencing in a good faith attempt to resolve any substantive
differences.  If any issues remain unresolved, they shall be communicated to
the probation officer for his inclusion on an addendum to the pre-sentence
report.  The defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or at the
sentencing hearing where the standard of proof will be a preponderance of
the evidence, and the Federal Rules of Evidence, other than with respect to
privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may
consider any reliable evidence, including hearsay.  Objections by the
defendant to the pre-sentence report or the Court's rulings, will not be

grounds for withdrawal of a plea of guilty.

14.   <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and

Witness Protection Act, the Justice for All Act, and the regulations

promulgated under those Acts by the Attorney General of the United States,

crime victims have the following rights:

a.   The right to be reasonably protected from the accused.

b.   The right to reasonable, accurate, and timely notice of any public

court proceeding or any parole proceeding, involving the crime or of

any release or escape of the accused.

c.   The right not to be excluded from any such public court proceeding,

unless the court, after receiving clear and convincing evidence

determines that testimony by the victim would be materially altered if

the victim heard other testimony at that proceeding.

d.   The right to be reasonably heard at any public proceeding in the

district court involving release, plea, sentencing, or any parole

proceeding.  The defendant understands that the victim's comments

and recommendations at any of these proceedings may be different

than those of the parties to this agreement.

e.   The reasonable right to confer with the attorney for the Government

in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

    f.    The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

    g.    The right to proceedings free from unreasonable delay.

    h.    The right to be treated with fairness and with respect for the victim's dignity and privacy.

15.    <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and

the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

16.  <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

17.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

18.  <u>Full Cooperation</u>.  The defendant agrees to cooperate fully with the United

States.  The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement.  Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement.  Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant.  This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter.  The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States.  The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement.  However, the United States will be free to use at sentencing in

14

this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

19.  <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the

United States shall be required to establish any breach by a preponderance

of the evidence.  In order to establish any breach by the defendant, the

United States is entitled to rely on statements and evidence given by the

defendant during the cooperation phase of this agreement.

20.  <u>Remedies for Breach</u>.  The defendant and the United States agree that in the

event the Court concludes that the defendant has breached the agreement:

a.  The defendant will not be permitted to withdraw any guilty plea

tendered under this agreement and agrees not to petition for

withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the

Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the

cooperation phase will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has

against the defendant, including any charges originally brought

against the defendant or which may have been under investigation at

the time of the plea. The defendant waives and hereby agrees not to

raise any defense to the reinstatement of these charges based upon

collateral estoppel, Double Jeopardy or other similar grounds.

21.  <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this

agreement shall protect the defendant in any way from prosecution for any

offense committed after the date of this agreement, including perjury, false

declaration, or false statement, in violation of Title 18, United States Code,

Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title

18, United States Code, Section 1503, 1505, or 1510, should the defendant

commit any of those offenses during the cooperation phase of this

agreement.  Should the defendant be charged with any offense alleged to

have occurred after the date of this agreement, the information and

documents disclosed to the United States during the course of the

cooperation could be used against the defendant in any such prosecution.

22.  <u>No Civil Claims or Suits.</u>   The defendant agrees not to pursue or initiate

any civil claims or suits against the United States of America, its agencies or

employees, whether or not presently known to the defendant, arising out of

the investigation, prosecution or cooperation covered by this agreement,

including but not limited to any claims for attorneys' fees and other

litigation expenses arising out of the investigation and prosecution of this

matter. By the defendant's guilty plea in this matter the defendant further

acknowledges that the government's position in this litigation was taken in

good faith, had a substantial basis in law and fact and was not vexatious.

23.    Appeal Waiver - Direct and Collateral.    The defendant is aware that Title 18,

United States Code, Section 1291  affords a defendant the right to appeal a

judgment of conviction and sentence; that Title 18 United States Code,

section 3742(a) affords a defendant the right to appeal the sentence imposed

and that Title 28, United States Code, Section 2255, affords a defendant the

right to collateral review of the judgment of conviction or sentence.

Acknowledging all of this, the defendant knowingly waives the right to

appeal the conviction and sentence and the right to attack his conviction or

sentence collaterally.  This waiver includes any and all possible grounds for

appeal, whether constitutional or non-constitutional, including, but not

limited to, the manner in which that sentence was determined in light of

United States v. Booker, 125 S. Ct. 738 (2005).  This waiver also includes a

waiver of collateral review, including, but not limited to, a motion to vacate

judgment under Title 28, United States Code, Section 2255; a petition for a

writ of habeas corpus under Title 28, United States Code, Section 2241; a

motion to amend or for relief from judgment under Rules 59 or 60 of the

Federal Rules of Civil Procedure; and a petition for a writ of coram nobis,

audita querela, or any other extraordinary writ.  This waiver of the right to

18

collateral review includes any and all possible grounds for collateral relief, whether constitutional or non-constitutional, including, but not limited to, the right to allege ineffective assistance of counsel. The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

24. <u>Non-Limitation on Government's Response</u>.  Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

25. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

26. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while

awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing,  the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

27.   Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

28.    <u>Merger of All Prior Negotiations</u>.  This document states the complete and

only Plea Agreement between the United States Attorney for the Middle

District of Pennsylvania and the defendant in this case, and is binding only

on the parties to this agreement, supersedes all prior understandings, if any,

whether written or oral, and cannot be modified other than in writing that is

signed by all parties or on the record in Court.  No other promises or

inducements have been or will be made to the defendant in connection with

this case, nor have any predictions or threats been made in connection with

this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure

the defendant certifies that the defendant's plea is knowing and voluntary,

and is not the result of force or threats or promises apart from those

promises set forth in this written plea agreement.

29.    <u>Waiver Allowing Admission of Plea Discussions and Cooperation</u>.  In the

event that the defendant does not plead guilty, the plea is not accepted by

the court, or the plea is withdrawn, the defendant hereby waives any

protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule

11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the

Federal Rules of Evidence and that any statements, interviews, or testimony

given by the defendant as part of any efforts to cooperate with the

government , including any "proffer" or "off-the-record" statements made by the defendant made in connection with negotiations resulting in this plea agreement will be admissible against the defendant without limitation in any civil or criminal proceeding.

30. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before ~~5:00 p.m., March 8, 2012,~~ otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

31. <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

6-14-12
_____
Date

_____
Todd m. Caward
Defendant

22

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_6/14/12_
Date

_____
Anne Cornick
Counsel for Defendant


PETER J. SMITH
UNITED STATES ATTORNEY


_6/26/2012_
Date

By: _____
Daryl F. Bloom
Assistant United States Attorney


DFB/me
April 16, 2012/2011R00066

*Revised*  1/25/2011